# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8306
WQuaranta@JonesDay.com

March 1[...]

> Plaintiff is directed to file a response to this letter by 3/27/2024.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> March 20, 2024

<u>VIA ECF</u>

Honorable Philip M. Halpern
The Hon. Charles L Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Lockima Thatcher v. Experian Info. Sols., Inc., et al.,*
<u>Case No. 7:23-cv-09161-PMH (S.D.N.Y.) – Response to Plaintiff's Filing</u>

Dear Judge Halpern:

Defendant Experian Information Solutions, Inc. ("Experian") writes in response to Plaintiff's purported "Civil Case Discovery Plan and Scheduling Order" (the "Proposed Order") dated March 14, 2024 (Dkt. at 22), to request that the Court disregard this filing by *pro se* Plaintiff Lockima Thatcher. The Court's February 13, 2024 Order (Dkt. at 18) should remain in effect. Alternatively, the Court should schedule a conference to address Experian's anticipated motion to enforce settlement, or permit Experian leave to file a pre-motion letter requesting same.

Plaintiff's Proposed Order ignores the history of this litigation and this Court's previous orders. On December 18, 2023, Experian filed a letter motion requesting a pre-motion conference regarding its anticipated motion to dismiss Plaintiff's Complaint. (Dkt. at 14). On December 28, 2023, the Court granted Experian's request for a pre-motion conference and set a conference for February 14, 2024. (Dkt. at 16). Plaintiff and Experian negotiated a settlement in the interim, and were able to reach a full and binding agreement on February 9, 2024. Pursuant to that agreement,

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Hon. Philip M. Halpern
Page 2

on February 13, 2024, Experian, with Plaintiff's consent, filed a letter motion requesting that the Court adjourn the pre-motion conference and notifying the Court of the settlement. (Dkt. at 17). The Court so-ordered that request. (Dkt. at 18).

On February 14, 2024, Experian sent Plaintiff the written settlement agreement and release, which contained all material terms of the binding agreement they had reached via email. On March 14, 2024, having not communicated with Experian's counsel since February 22, 2024, Plaintiff suddenly indicated to Experian's counsel that she planned to file the Proposed Order and tell the Court that "we have not been able to settle." Less than 24 hours later, without waiting for a response, Plaintiff filed the Proposed Order, which incorrectly suggests that "Defendant Experian and Plaintiff have not successfully reached a settlement in principle of all claims between Plaintiff and Experian in the above-captioned matter." Counsel for Experian had no reasonable opportunity to review Plaintiff's request and did not consent to the filing. Counsel was on vacation and out of the country when that request was sent.

The statements in the Proposed Order are inaccurate and the Court should not enter it. It is simply untrue that "Experian and Plaintiff have not successfully reached a settlement in principle of all claims between Plaintiff and Experian." After several rounds of negotiations, Plaintiff and Experian reached a settlement of her claims in this action via written email correspondence. Further, on February 13, 2024, Plaintiff affirmatively consented to Experian notifying the Court that she had reached a settlement in principle as to her claims Experian.

Hon. Philip M. Halpern
Page 3

Plaintiff's request to enter the Proposed Order should also be denied for the following reasons. First, Plaintiff has not requested relief from this Court's February 13, 2024 Order (Dkt. at 18) staying all deadlines as to Experian. Plaintiff should be required to file a formal motion requesting that relief as to the Court's Order if she continues to seek it. Second, should proceedings ultimately be reopened, the Court should consider Experian's threshold motion to enforce settlement before entering a discovery plan. Experian's position is that it has reached a binding settlement with Plaintiff. If the Court reopens proceedings, Experian anticipates seeking leave to move to enforce the settlement agreement it reached with Plaintiff. Though it remains in discussions with Plaintiff to try to understand her concerns, should Plaintiff ultimately continue to renege on her settlement with Experian, this would be a threshold motion that the Court should consider prior to additional litigation or entering the Proposed Order.

Additionally, Experian had previously filed, and this Court granted, a pre-motion letter requesting a conference to address its planned motion to dismiss Plaintiff's Complaint. Should litigation continue, Experian's motion to dismiss should be addressed by the Court prior to entering the Proposed Order, as Experian has not otherwise responded to the Complaint.

For the above reasons, Experian requests that the Court leave its February 13, 2024 Order (Dkt. at 18) in effect. Alternatively, Experian requests that the Court schedule a conference to address Experian's anticipated motion to enforce the settlement it reached with Plaintiff, or permit Experian leave to file a pre-motion letter requesting same.

Respectfully submitted,

JONES DAY

Hon. Philip M. Halpern
Page 4

/s/ William P. Quaranta

William P. Quaranta

cc:     All counsel of record (via ECF)